**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WILLIE MONROE, WILLIE MONROE,
EDWARD TABOR, BETTY CALLAWAY,
TRACY CALLAWAY,

    Plaintiffs,

v.                                Case No. 8:11-cv-1542-T-30EAJ

CONTINENTAL TIRE THE AMERICAS,
LLC, FORD MOTOR COMPANY, ERNIE
HAIRE FORD, INC.,

    Defendants.
_____/

STEVEN WATTS,

    Plaintiff,

v.                                Case No. 8:11-cv-1565-T-30MAP

CONTINENTAL TIRE THE AMERICAS,
LLC, FORD MOTOR COMPANY, and
ERNIE HAIRE FORD, INC.,

    Defendants.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon the Motions for Remand filed by Plaintiffs in the above referenced cases (Dkt. #19 in 11-cv-1542 and Dkt. #10 in 11-cv-

1565). The Court, having considered the motions, Defendant Continental Tire the Americas LLC's responses in opposition, and being otherwise advised in the premises, concludes that Plaintiffs' Motions for Remand must be granted.

## BACKGROUND

These cases are product liability and wrongful death actions arising out of the same single motor vehicle accident that occurred in May 2009, when a tire on the vehicle in which the Plaintiffs or decedents represented by Plaintiffs were traveling allegedly failed. Plaintiffs in both cases allege identical claims for personal injury and wrongful death, sounding in negligence, strict liability, and breach of warranty against all of the same defendants. Plaintiffs' counsel and Defendants' counsel in both of these cases are also the same.

Plaintiffs initially filed both cases in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. *Monroe* (11cv1542) commenced on November 15, 2010, and *Watts* (11cv1565) commenced six months later, on May 2, 2011. Defendant Continental Tire the Americas LLC ("CTA") removed both cases to federal court on July 12, 2001 (*Monroe*) and July 14, 2011 (*Watts*).

CTA removed both cases based on the alleged diversity among the parties. Specifically, although Plaintiffs and Defendant Erne Haire Ford, Inc. ("EHF") are Florida citizens, CTA argues removal is appropriate because a pleading subsequently filed by Plaintiffs confirms that EHF is a "nominal" defendant whose citizenship should be disregarded for purposes of determining diversity.

CTA's notice of removal points out that EHF filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Middle District of Florida, Tampa Division (Case No. 8:08-bk-18672-MGW).  CTA argues that the Confirmation Order, effective October 24, 2009, operates as a discharge of any claims against the debtor, EHF, that arose prior to the Confirmation Order.  Because the accident in the present actions occurred in May 2009, which was prior to the Confirmation Order, CTA argues that EHF is a nominal party in these actions, i.e., the bankruptcy proceeding precludes the collection or enforcement of a judgment against EHF or its property.

Plaintiffs argue that EHF is not a nominal party under the particular facts of this case. Plaintiffs point out that the Confirmation Order expressly allows the holder of any claim to pursue an action against an insurer of EHF.  And EHF was insured through an insurance policy issued by Colony Insurance at the time of the incident that is the subject of Plaintiffs' complaints.  Plaintiffs also argue that Fla. Stat. §627.4136 requires Plaintiffs to obtain a judgment against EHF, the insured, prior to collecting a judgment against Colony Insurance, EHF's insurer.  Thus, under these circumstances, Plaintiffs contend that EHF will have to participate in the litigation and otherwise defend itself in the same fashion as the non-bankrupt defendants.

For the reasons set forth below, the Court concludes that EHF is not a nominal defendant because Plaintiffs must establish EHF's liability in order to recover from EHF's insurer.

## **DISCUSSION**

The United States Constitution and Congress limit a federal court's jurisdiction by restricting the types of cases which the federal courts may hear. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994). For this reason, statutes authorizing removal of actions to federal courts are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941); *Burns,* 31 F.3d at 1095 ("[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."). In fact, because federal courts are of limited jurisdiction "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.,* 264 F.3d 1040, 1050 (11th Cir. 2001) (internal citations and quotations omitted).

Federal courts have diversity jurisdiction over civil actions when the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. §1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. The removing party bears the burden of demonstrating that removal is proper. *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

For purposes of a diversity jurisdiction analysis, the citizenship of "nominal" parties need not be considered. *Navarro Sav. Ass'n v. Lee*, 466 U.S. 458, 460-61 (1980). In general, "nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal." *Smith v. Health Ctr. of Lake City, Inc.*, 252 F. Supp. 2d 1336,

1339 n.5 (M.D. Fla. 2003) (*quoting Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N.A.,* 427 F.2d 325, 327 (5th Cir. 1970)).[1]  "The ultimate test of whether the ... defendants are ... indispensable parties ... is whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." *Smith,* 252 F. Supp. 2d at 1339 n.5 (internal citations and quotations omitted).  Whether a party is necessary or indispensable "depends on the facts in each case." *Id.* (internal citations and quotations omitted).

Here, CTA argues EHF, a Florida resident, is a nominal party whose citizenship should be disregarded for purposes of determining diversity, because EHF is present in this litigation only to permit Plaintiffs to recover proceeds from EHF's insurer in the event a judgment is entered against EHF.  CTA cites to a number of cases that generally hold that a discharged debtor, having no assets and liabilities, is not a real party in interest whose citizenship is relevant for diversity purposes.  None of CTA's cases, however, involve the unique factual scenario at issue here: whether a discharged debtor should be disregarded for diversity purposes when a plaintiff is <u>required</u> to file a claim against the discharged debtor under a state statute in order to collect against the discharged debtor's insurer.

Although the Court did not find any binding case law related to this unique issue, the case of *Stewart v. Jennings*, 2010 WL 3009536, at *1 (E.D. Tenn. July 28, 2010) is relevant

---

[1]  The Eleventh Circuit adopted as precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.  *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

persuasive authority. In *Stewart*, the case was removed based on fraudulent joinder. Specifically, one of the defendants (Owners Insurance Company) removed the case and argued that the individual defendant (Jennings) was fraudulently joined to destroy diversity based on the discharge of Jennings' debt to the plaintiff in Jennings' prior Chapter 7 bankruptcy proceeding. In its notice of removal, Owners Insurance Company asserted that the plaintiff's action violated the automatic stay provision of the United States Bankruptcy Code and any claims by the plaintiff against Jennings had been discharged. Plaintiff countered that her claims were not barred because she was not seeking monetary relief from Jennings. Rather, the plaintiff argued that she was seeking a determination of Jennings' liability in order to recover from Owners Insurance Company, Jennings' insurer. *Id.* at *2.

The court held that Jennings was not fraudulently joined because the plaintiff could "proceed against a debtor in order to determine liability for the purposes of collecting from a third party." *Id.* The court also held that Jennings was not a nominal party whose citizenship should be disregarded because establishing his liability was necessary for the plaintiff to recover from the insurance company. *Id.* at *3.

The case of *Schuchmann v. Miraglia*, 2004 WL 2626532, at *2 (N.D. Tex. Nov. 16, 2004) is also persuasive authority on this issue. In *Schuchmann*, the court, facing a similar dilemma of whether a discharged debtor was a nominal party for purposes of determining diversity jurisdiction, held that the debtor was not nominal because, under the particular state law, the plaintiff had to sue the debtor directly in order to recover from the debtor's liability

insurer.[2] The court noted that because the plaintiff intended to obtain a judgment against the debtor, it was irrelevant whether she would be able to collect upon that judgment. Importantly, the court stated:

> Defendants misplace their reliance upon In re *Edgeworth* as support for their argument that York (the debtor) is a nominal defendant for diversity purposes because he will likely not be the source for Plaintiff's recovery, if any, in this suit. 993 F.2d 51 (5th Cir.1993). *Edgeworth* simply held that 11 U.S.C. § 524(a), which protects a debtor from subsequent actions by creditors whose claims have been discharged in a bankruptcy case, does not preclude a suit brought against the debtor for the purpose of establishing the debtor's nominal liability in order to collect on the debtor's insurance. *Id.* at 53-54. The fact that the *Edgeworth* Court used the label "nominal" to describe the debtor under the circumstances of that case does not mean that debtors in bankruptcy are *ipso facto* nominal parties having no interest in diversity disputes.

*Id*.

In the instant cases, CTA, like the defendants in *Schuchmann*, similarly focuses on the fact that Florida and the Eleventh Circuit consider a discharged debtor to be merely a nominal party under section 524(a) of the bankruptcy code. But merely labeling EHF as a nominal party in the context of its bankruptcy does not render it *ipso facto* nominal under a diversity analysis without analyzing the particular facts at issue. *See Tri-Cities Newspapers, Inc.,* 427 F.2d at 327. And under the particular facts of this case, Fla. Stat. §627.4136 requires Plaintiffs to establish EHF's liability and obtain a judgment against EHF prior to collecting a judgment against Colony Insurance. Thus, consistent with the test set forth in

---

[2] The defendants, (like CTA in the instant cases), argued that the debtor was nominal because the plaintiff's true target was the debtor's insurance carriers, from whom any judgment obtained against the debtor would be collected.

*Tri-Cities Newspapers, Inc.,* 427 F.2d at 327, EHF is an indispensable party to the instant actions. *See also Hunt v. Ring*, 946 F.Supp. 503 (E.D. Mich. 1996).

Accordingly, Plaintiffs' Motions for Remand must be granted. However, the Court concludes that Plaintiffs are not entitled to their attorneys' fees under these circumstances.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiffs' Motion to Remand in Case No. **8:11-cv-1542-T-30EAJ** (Dkt. #19) is hereby GRANTED.

2. The CLERK is directed to remand Case No. **8:11-cv-1542-T-30EAJ** to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida and provide that court with a copy of this Order.

3. Plaintiffs' Motion to Remand in Case No. **8:11-cv-1565-T-30MAP** (Dkt. #10) is hereby GRANTED.

4. The CLERK is directed to remand Case No. **8:11-cv-1565-T-30MAP** to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida and provide that court with a copy of this Order.

5. The CLERK shall close Case No. **8:11-cv-1542-T-30EAJ** and Case No. **8:11-cv-1565-T-30MAP** and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on August 30, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record
S:\Even\2011\11-cv-1542and1565.mtsremand.frm